Submitted on remand from the Oregon Supreme Court March 3, affirmed April 26, petition for review denied July 5, 1995 (321 Or 340)

# STATE OF OREGON,
*Respondent,*

*v.*

# DENNIS EDWARD BARRETT,
*Appellant.*

## (92-2662; CA A76662)

894 P2d 1183

Sally L. Avera, Public Defender, argued the cause and filed the brief for appellant.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

HASELTON, J.

**HASELTON, J.**

Defendant appealed from a departure sentence following his conviction for sexual abuse in the first degree, ORS 163.427, and we affirmed from the bench. 127 Or App 754, 875 P2d 545 (1994). The Supreme Court has remanded for reconsideration in the light of *State v. Kephart*, 320 Or 433, 887 P2d 774 (1994), and *State v. Martin*, 320 Or 448, 887 P2d 782 (1994). 320 Or 503, 887 P2d 789 (1995).

Defendant's plea of guilty to sexual abuse in the first degree was pursuant to a plea bargain in which the state dismissed other charges and agreed not to recommend a departure sentence, and the parties stipulated to the applicable grid block. The sentencing court *sua sponte* imposed the departure sentence.

■ We conclude that, under *Kephart* and *Martin*, review is not precluded by ORS 138.222(2)(d) (1993). Our conclusion is dictated by *Kephart's* discussion of *State v. Johnston*, 120 Or App 165, 851 P2d 1156, *rev den* 317 Or 272 (1993). In *Johnston*, the defendant had pleaded guilty pursuant to a plea bargain and stipulated to a grid block. The sentencing court imposed a departure sentence from which the defendant appealed, and we held that we could not review the claim of error under ORS 138.222(2)(d) (1989) and *State v. Adams*, 320 Or 359, 847 P2d 397 (1993).[1] In *Kephart*, the Supreme Court stated that the legislative history of the 1993 amendment to ORS 138.222(2)(d) shows that it was drafted to "prevent such a result" as occurred in *Johnston*. 320 Or at 446. We turn to the merits.

Defendant argues that the trial court erred in imposing an upward departure because: (1) the court's finding that the victim suffered harm greater than typical for the offense, OAR 253-08-002(1)(b)(J), was impermissibly based on hearsay; and (2) defendant's admissions that, over a period of 20 years, he had engaged in "inappropriate sexual touching" and contact with at least 12 young women and girls, including

---

[1] Before *State v. Adams*, 315 Or 359, 847 P2d 397 (1993), we reviewed claims of error similar to those at issue here as reviewable under ORS 138.222(4)(a), which permits review in "any appeal" of a claim that the sentencing court failed to comply with requirements of law in imposing sentence. In *Adams*, the Supreme Court held that ORS 138.222(4) applied only to ORS 138.222(2)(e). *Id.* at 365.

family members, did not support a finding of "persistent involvement in similar offenses," OAR 253-08-002(1)(b)(D), in that such prior conduct had not resulted in criminal convictions.[2] We need not, and do not, address defendant's first argument because, regardless of the propriety of the trial court's finding on the subparagraph (J) departure factor, the court treated the persistent involvement factor as an independently sufficient basis for departure, and we conclude that departure on that basis was not erroneous. *State v. Williams*, 131 Or App 85, 87, 883 P2d 918 (1994), *on recon* 133 Or App 191, 891 P2d 3 (1995).

■    At the sentencing hearing, the trial court considered the statement in the presentence investigation report (PSI), which detailed defendant's admission of a history of "inappropriate sexual contact," including intercourse, with young women and girls, including family members. Defendant testified at the hearing and denied that he had told the PSI's author about incidents of intercourse, but admitted that he had engaged in inappropriate touching. The author of the PSI then testified, reiterating that defendant had, in fact, made the admissions detailed in the PSI. The court expressly found the PSI's author to be credible and observed: "What we have here is a man that, over the course of 20 years, looks like he has a history of sexually abusing young women." That history, even in the absence of criminal convictions, warranted departure. *State v. Wilson*, 111 Or App 147, 153, 826 P2d 1010 (1992).[3]

Affirmed.

---

[2] In this case, defendant was convicted of molesting his 11-year-old niece, while he was providing child care for her brothers.

[3] In *Wilson*, where the defendant was convicted of promoting prostitution, we held that the trial court could rely on defendant's admitted history of promoting prostitution, which had resulted in only one prior conviction, as establishing "persistent involvement in similar offenses" within the meaning of OAR 253-08-002(1)(b)(D):

"[Defendant] does not contend that his previous involvement was already reflected in his criminal history. The presumptive sentence would not reflect the extent of his involvement in promoting prostitution. The court relied on defendant's own admission that he had promoted prostitution by two other minor females and had long been involved in promoting prostitution in at least two states." 111 Or App at 153.