Argued and submitted November 21, 1995, affirmed August 7, 1996

STATE OF OREGON,
*Respondent,*

*v.*

RAYMOND DEMOSS GREENOUGH,
*Appellant.*

(934415; CA A87428)

923 P2d 646

Robert Thuemmel argued the cause for appellant. With him on the brief was Thuemmel & Uhle.

Kaye E. Sunderland, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Defendant was convicted of driving under the influence of intoxicants (DUII). ORS 813.010. He argues on appeal that the trial court erred by denying his motion to suppress evidence obtained from field sobriety tests, because the arresting officer did not have probable cause to arrest defendant until after the officer had conducted an illegal search by administering those tests. *See State v. Nagel*, 320 Or 24, 880 P2d 451 (1994) (holding that the administration of field sobriety tests constitutes a search under the state and federal constitutions). Defendant also argues that the trial court erred in sentencing him. We affirm.

We state the facts consistent with the findings of the trial court. *See Ball v. Gladden*, 250 Or 485, 443 P2d 621 (1968). On September 26, 1993, police officer Howe saw defendant driving his car on Highway 101. Howe followed defendant because he had received a report that defendant had been involved in a dispute at a Fred Meyer store. As Howe did so, another officer was speaking to a woman in the Fred Meyer parking lot who was "hysterical" and who told the officer that defendant had to be stopped because he was drunk. That information was conveyed to Howe, who then saw defendant make an improper turn and switch lanes without signaling, at which point Howe stopped him. Howe testified that the manner in which defendant illegally changed lanes was "slow," which suggested to Howe that defendant might be under the influence of intoxicants.

Before Howe reached defendant's car, defendant got out of it. Howe noted that defendant stumbled and touched the side of the car to regain his balance. As Howe approached defendant, he noticed a strong odor of alcohol. Howe asked to see defendant's driver's license. Defendant had to look in two places in the car before retrieving the license, and he fumbled while picking it up.

Defendant told Howe that he had been in an argument with his girlfriend. Howe suspected that defendant was under the influence of alcohol, and he asked defendant if he could look at his eyes. Defendant agreed. Howe performed a horizontal gaze nystagmus (HGN) test and determined that

defendant's blood alcohol content was .10 percent or higher. At that point, Howe decided to ask defendant to perform a battery of field sobriety tests, and he informed defendant of his rights and the consequences of failing to take the tests. *See* ORS 813.130(2)(a) (evidence of refusal to take tests can be used in a criminal or civil court action). Defendant agreed to take the tests and was subsequently charged with DUII.

Before trial, defendant moved to suppress all the statements that he had made to Howe, alleging that Howe lacked probable cause to perform the field sobriety tests and that certain statements made to Howe violated defendant's right against self-incrimination. The trial court denied defendant's motion, and defendant was subsequently convicted of DUII. The court sentenced defendant to 120 days in jail as a condition of probation.

In his first assignment of error, defendant argues that Howe performed the field sobriety tests without probable cause and that the results of those tests should be suppressed. Defendant argues that performing the tests constituted a search under the Oregon Constitution. In *Nagel*, the Supreme Court held that field sobriety tests do constitute a search under Article I, section 9, of the Oregon Constitution. Consequently, to conduct the tests, an officer must either have a search warrant or the search must come within one of the recognized exceptions to the warrant requirement. *Nagel*, 320 Or at 31.

One exception to the warrant requirement is a search conducted "with probable cause and under exigent circumstances." *Id.* at 32. Under that exception, an officer must have probable cause to believe that an individual is driving under the influence of intoxicants *before* the officer administers field sobriety tests to the individual. The test for probable cause has both an objective and a subjective component. *See id.* at 32; *State v. Owens*, 302 Or 196, 204, 729 P2d 524 (1986). That means that the officer must subjectively believe that a crime has been committed, and that belief must be objectively reasonable. *Nagel*, 320 Or at 32.

At the hearing on the motion to suppress, the trial court found that there was no evidence about Howe's subjective belief as to whether defendant was intoxicated before

Howe performed the HGN test. The court did find that, after performing that test, Howe believed that defendant's blood alcohol content exceeded .08 percent. Defendant argues that because Howe lacked subjective probable cause before performing the HGN test, all the test results must be suppressed.

■    Probable cause combined with exigent circumstances is not the only exception to the warrant requirement. The state argues that a consent search may be performed without a warrant and without probable cause. *See, e.g., State v. Auer*, 90 Or App 459, 752 P2d 1250 (1988).[1] The state argues that Howe's request to look in defendant's eyes, and defendant's consent to that request, make the HGN test lawful. When Howe approached defendant, he asked if he could "check" defendant's eyes. Defendant agreed. At that point, Howe had not advised defendant, pursuant to ORS 813.136,[2] that any consequence would flow from defendant's refusal to permit Howe to do that. The state argues that there is no evidence of coercion or evidence that defendant felt compelled to perform the HGN test. We agree. Howe had defendant's express consent to look at his eyes, so the test did not violate the guarantee in Article I, section 9, against unreasonable searches. The state then urges us to affirm the trial court's implicit finding that, after performing the HGN test, Howe had both objective and subjective probable cause combined with exigent circumstances to perform other field sobriety tests.

The trial court found that, after performing the HGN test, "Howe's training led him to believe that the defendant's blood alcohol content was at least .10%." The evidence supports that conclusion. Howe therefore believed that

---

[1] Because this request for consent was related to the reason for which defendant was initially stopped, the Supreme Court's holding in *State v. Dominguez-Martinez*, 321 Or 206, 895 P2d 306 (1995), is not implicated.

[2] ORS 813.136 provides:

"If a person refuses or fails to submit to field sobriety tests as required by ORS 813.135, evidence of the person's refusal or failure to submit is admissible in any criminal or civil action or proceeding arising out of allegations that the person was driving while under the influence of intoxicants."

Howe warned defendant about the effect of ORS 813.136 after Howe conducted the HGN test. Defendant made no argument that Howe's failure to give that warning before conducting the HGN test affected the legality or admissibility of that test.

defendant was intoxicated when Howe conducted the other field sobriety tests. We turn, then, to whether that belief was reasonable.

Howe had been told on his dispatch radio that defendant was intoxicated. Defendant's girlfriend had told another officer that defendant was drunk, that he was driving drunk and that he had to be stopped; that information had been communicated to Howe. Before stopping defendant, Howe saw him commit two traffic infractions. When defendant got out of his car, he stumbled and had to touch the side of his car to regain his balance. As he approached defendant, Howe smelled a strong odor of alcohol. Defendant's eyes were glassy and watery. Defendant also had a difficult time locating and presenting his license. Finally, when Howe performed the HGN test, he noted all six points of importance that indicated that defendant was intoxicated. These facts taken together provide an objective basis to believe that defendant was driving under the influence of intoxicants.[3] *Cf. Nagel,* 320 Or at 32-33 (evidence objectively supported officer's belief that the defendant was driving under the influence).

■    We also conclude that there were exigent circumstances to justify conducting the field sobriety tests without first obtaining a warrant. As the Supreme Court noted in *Nagel,* "[b]lood-alcohol content is a transitory condition, the evidence of which will dissipate in a relatively short time." *Id.* at 33. Because the field sobriety tests following the HGN test were conducted under exigent circumstances and because Howe had probable cause to believe that defendant was driving under the influence of intoxicants, the search conducted through the field sobriety tests was valid.

■    Defendant also argues that, by performing field sobriety tests that were testimonial in nature, he was coerced to incriminate himself in violation of Article I, section 12, of the Oregon Constitution, as that provision has been interpreted by the Supreme Court in *State v. Fish,* 321 Or 48, 893

---

[3] The trial court concluded that the facts did not support a finding of objective probable cause before Howe performed the HGN test. The court did not expressly determine whether the facts were sufficient to constitute objective probable cause after the HGN test.

P2d 1023 (1995). In *Fish*, the Supreme Court held that the choice posed by ORS 813.136 between performing testimonial field sobriety tests, or having the refusal to perform those tests used as evidence in court, violates Article I, section 12, of the Oregon Constitution. *Fish*, 321 Or at 63. Article I, section 12, provides that

"[n]o person shall be * * * compelled in any criminal prosecution to testify against himself."

That argument was not presented to the trial court, however, and is unpreserved.[4] We decline to address it.

■ Lastly, defendant argues that the trial court erred by considering his prior arrests for DUII when it sentenced him. Defendant argues that the trial court could only consider conduct that resulted in criminal convictions. This court has previously rejected that argument. *See State v. Barrett*, 134 Or App 162, 894 P2d 1183, *rev den* 321 Or 340 (1995) (holding that a sentencing court can consider conduct that did not result in criminal convictions). The trial court did not err.

Affirmed.

---

[4] Defendant did argue that certain statements that he made should be suppressed because he was not given *Miranda*-like warnings before his arrest, an argument defendant abandons on appeal. That argument, however, presented an entirely different issue and did not serve to preserve the argument defendant now makes.