On appellant's petition for reconsideration filed February 8, and respondent's response to petition for reconsideration filed March 6, reconsideration allowed; former opinion (255 Or App 1, 296 P3d 578) adhered to as modified April 17, petition for review denied September 12, 2013 (354 Or 148)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

IVAN CAM,
*Defendant-Appellant.*

Marion County Circuit Court
08C49052; A142984

300 P3d 208

Ryan Scott for petition.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Jamie K. Contreras, Assistant Attorney-in-Charge, for response.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

WOLLHEIM, J.

### WOLLHEIM, J.

Defendant has filed a petition for reconsideration of our decision in this case, *State v. Cam*, 255 Or App 1, 296 P3d 578 (2013), in which we upheld most of defendant's convictions and sentences for theft, possession of a stolen vehicle, possession of controlled substances, and unlawful possession of a short-barreled shotgun, and remanded some convictions of theft for merger and resentencing. We allow reconsideration to discuss an alleged factual misstatement in our opinion and modify our analysis accordingly, but otherwise adhere to the disposition.

The first issue that we addressed in our opinion was whether the trial court erred in denying defendant's motion to suppress evidence seized at defendant's home subsequent to a warrantless entry of his property. 255 Or App at 3. We concluded that the trial court properly ruled that defendant had not manifested a clear intent to exclude visitors from his property. *Id.* at 7-8.

The issue raised in the petition for reconsideration that we address concerns the signs on defendant's driveway. In describing the evidentiary record at the suppression hearing, defendant stated in his opening brief that "Detective Johnson saw a 'private property' sign on a tree." He argued that, in entering defendant's property, detectives drove past "two signs," a private property sign and a sign that read "10 mph." Defendant did not argue that detectives drove past a "No Trespassing" sign.

In our opinion's statement of the facts, 255 Or App at 3, we described *three* signs along defendant's driveway:

> "On a tree next to the driveway, there was a sign that read 'PRIVATE PROPERTY,' and above it, a sign that read '10 M.P.H.' Near the tree, on a metal pipe, was a sign that read 'PRIVATE PROPERTY.' See photograph attached as Appendix 2."

We included as Appendix 2 a photograph of defendant's driveway that had been included in the record. Later in the opinion, *id.* at 6, we distinguished this case from *State v. Roper*, 254 Or App 197, 200, 294 P3d 517 (2012), noting that, in this case, unlike in *Roper*, there was not a no trespassing sign on defendant's property.

Defendant now brings it to our attention that, in the photograph we attached to our opinion as Appendix 2, the private property sign under the 10 M.P.H. sign also states no trespassing in lettering too small to be plainly legible in the photograph. *See* http://www.publications.ojd.state.or.us/docs/A142984.pdf. It further comes to our attention that that photograph was taken by a defense investigator in March 2009, more than one year after the detectives first entered defendant's property on December 26, 2007. At the suppression hearing, the defense investigator was asked to read the signs in the photograph and testified that one of them said "10 miles an hour," and one said "private property." The state's detectives testified that they recalled seeing only a single "Private Property" sign. No mention was made at the hearing of a no trespassing sign. Defendant now, for the first time, argues that the 2009 photograph shows that detectives drove past a no trespassing sign.

We do not ordinarily entertain arguments raised for the first time on reconsideration. To the extent that defendant is contending that we got the facts of the case wrong, we reject the contention. No witness made mention of the words "no trespassing" on the private property sign. Counsel never mentioned them until the petition for reconsideration. The trial court made no findings regarding the signage, but it did find that defendant had allowed entry onto his property and had not manifested a clear intent to exclude visitors. Viewing the evidence in a manner consistent with the trial court's ultimate conclusion, *see State v. Ehly*, 317 Or 66, 75, 854 P2d 421 (1993), we assume that the trial court either did not see the words "no trespassing" on the photograph or assigned no special significance to them in the context of the record as a whole. We conclude further that the words "no trespassing" shown on the photograph do not alter our conclusion in our original opinion, 255 Or App at 8, that defendant did not manifest a clear intent to exclude visitors, and we adhere to our original disposition of the case.

We reject without discussion defendant's contention that the trial court erred in imposing consecutive sentences for defendant's convictions for theft by receiving because all of the crimes were related as a matter of law and must be

treated as a part of the same criminal episode. *See Orchard v. Mills,* 247 Or App 355, 361, 270 P3d 309 (2011), *rev den,* 352 Or 33 (2012) (trial court's imposition of consecutive sentences was supported by evidence of placement of separate firearms in separate locations in petitioner's home, which allowed trial court to conclude that the firearms were acquired separately).

Reconsideration allowed; former opinion adhered to as modified.