Submitted September 28, 2015, convictions on Counts 2 and 3 reversed and remanded, otherwise affirmed August 31, 2016

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JIMMY WAYNE GORE,
*Defendant-Appellant.*

Umatilla County Circuit Court
CF130315; A155544

380 P3d 1120

Lynn W. Hampton, Judge.

Peter Gartlan, Chief Defender and Morgen E. Daniels, Deputy Public Defender, Office of Public Defense Services filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Tookey, Judge, and De Muniz, Senior Judge.

## DE MUNIZ, S. J.

Following a jury trial, defendant was convicted of second-degree assault, ORS 163.175, (Count 2) and unlawful use of a weapon, ORS 166.220, (Count 3).[1] On appeal, he assigns error to the trial court's failure to instruct the jury on the state's burden to disprove his "defense of property" defense beyond a reasonable doubt.[2] Defendant acknowledges that he did not preserve that assignment of error before the trial court, but urges us to review it as plain error. *See* ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court *** provided that an appellate court may consider an error of law apparent on the record."). The state concedes that the trial court plainly erred by failing to instruct the jury on the burden of proof for the defense, but argues that the error was harmless, and that it is not appropriate to exercise our discretion to correct it. For the reasons set forth below, we conclude that the error is plain and we exercise our discretion to correct it. Accordingly, we reverse and remand with respect to Counts 2 and 3.

The question of what must be included in a jury instruction is a question of law. *State v. Lotches*, 331 Or 455, 472, 17 P3d 1045 (2000), *cert den*, 534 US 833 (2001). Whether an unpreserved claim of error allows for plain error review is also a question of law. *See State v. Vanornum*, 273 Or App 263, 356 P3d 1161 (2015).

We summarize the competing evidence presented to the jury, keeping in mind that, because defendant has challenged the "'trial court's refusal to give a requested jury instruction, we view the facts in the light most favorable to giving that instruction.'" *State v. Simonov*, 269 Or App 735, 737, 346 P3d 589 (2015), *aff'd*, 358 Or 531, 368 P3d 11 (2016) (quoting *State v. Wolf*, 260 Or App 414, 416-17, 317

---

[1] The jury acquitted defendant of first-degree assault, ORS 163.185, (Count 1).

[2] Defendant raises two additional assignments of error regarding the trial court's failure to instruct the jury that it was required to return unanimous jury verdicts and the trial court's acceptance of jury verdicts that were not unanimous, which we reject without further discussion. *See State v. Bowen*, 215 Or App 199, 168 P3d 1208 (2007), *adh'd to as modified on recons*, 220 Or App 380, 185 P3d 1129, *rev den*, 345 Or 415 (2008), *cert den*, 558 US 815 (2009).

P3d 377 (2013)). The following material facts are relevant to our analysis. Defendant loaned his Dodge Caravan to Beliz. After Beliz did not return the vehicle when promised, defendant went searching for it, and eventually discovered it at Hill's house. Defendant saw Beliz in the van with Hill in the passenger seat, and walked over to the van to confront him. Hill testified that defendant stabbed Beliz with a knife several times through an open window of the vehicle. Beliz received wounds to his face, arms, forearms, and ribs. Hill exited the vehicle and attempted to end the confrontation, however the altercation ended when a woman in a vehicle behind Beliz intervened and pushed defendant. Beliz exited the vehicle, and defendant fled in the van.

At trial, among other things, defendant raised the defense of "defense of property." He requested Uniform Criminal Jury Instruction 1114, which includes an instruction regarding the following burden of proof for the defense:

"The defense of defense of property has been raised.

"A person is justified in using physical force, but not deadly physical force, on another person when and to the extent he reasonably believes it is necessary to terminate the commission of Unauthorized Use of a Vehicle by One Having Custody—Holding Over Beyond Agreement.

*"The burden of proof is on the state to prove beyond a reasonable doubt that this defense does not apply."*

(Emphasis added.) The trial court did not give the requested instruction, instead, instructing the jury orally and in writing only that,

"[t]he defense of defense of property has been raised.

"A person is justified in using physical force, but not deadly physical force, on another person when and to the extent he reasonably believes it is necessary to terminate the commission or attempted commission by the other person of theft of property."

The trial court's instruction did not inform the jury that the state was required to prove that the defense did not apply beyond a reasonable doubt. Defendant did not except to this instruction. *See Vanornum*, 273 Or App at 268, (explaining

that plain error review may be available even when a party fails to except to jury instruction under ORCP 59 H).

As noted, defendant asserts that the trial court plainly erred in failing to instruct the jury on the burden of proof relating to his "defense of property" defense. To qualify as plain error, (1) the error must be one of "law," (2) the legal point must be "apparent," which means it must be "obvious, not reasonably dispute," and (3) the error must appear "on the face of the record." *State v. Brown,* 310 Or 347, 355, 800 P2d 259 (1990). The state concedes that the error here is plain. We agree.

The trial court is required to "state to the jury all matters of law necessary for its information in giving its verdict." ORCP 59 B; *see also* ORS 136.330(1) (applying ORCP 59 B to criminal actions). A proper defense of property jury instruction "notifies the jury that [the defense] has been raised, gives the jury the appropriate standard for analyzing the [defense], and informs the jury that the burden of proof is on the state to prove beyond a reasonable doubt that the defendant did not act [according to that defense]." *State v. Dahrens,* 192 Or App 283, 287, 84 P3d 1122 (2004). In the instant case, because the trial court omitted the burden of proof on the defense of property instruction, it did not provide all necessary information to the jury. Thus, the trial court plainly erred.

Next, we turn to whether we will exercise our discretion to correct the trial court's plain error. *Ailes v. Portland Meadows, Inc.,* 312 Or 376, 381, 823 P2d 956 (1991). In determining whether to exercise our discretion, we consider the following factors:

> "the nature of the case; the gravity of the error, the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way[.]"

*Id.* at 382 n 6. Additionally, we consider whether the error was harmless. *State v. Gray,* 261 Or App 121, 131, 322 P3d 1094 (2014). In determining whether the error was harmless, we evaluate whether there is "little likelihood that the particular error affected the verdict." *State v. Davis,* 336 Or

19, 32, 77 P3d 1111 (2003). In the context of the trial court's failure to give a jury instruction, we consider whether the lack of the instruction "probably created an erroneous impression of the law in the minds of the jur[ors] which affected the outcome of the case." *State v. Pine*, 336 Or 194, 210, 82 P3d 130 (2003) (internal quotation marks omitted; brackets in original).

Here, the state argues that the error was harmless because the trial court prescribed the beyond a reasonable doubt burden of proof during its preliminary instructions to the jury before evidence was presented at trial and repeated this instruction at the close of evidence. According to the state, because of the repeated references to the beyond a reasonable doubt standard, there is no basis for concluding that the jury applied a different standard when analyzing defendant's "defense of property" defense. Defendant counters that he was prejudiced by the trial court's failure to include the burden of proof in its "defense of property" instruction.

We agree with defendant. The trial court's instruction created an erroneous impression of law that prejudiced defendant because by failing to address the burden of proof for defendant's defense, the jury may not have understood that the state bore the burden of disproving the defense beyond a reasonable doubt. Therefore, we reject the state's assertion that the error was harmless. Moreover, defendant's convictions for second-degree assault (Count 2) and unlawful use of a weapon (Count 3) are serious felonies. *See State v. Pervish*, 202 Or App 442, 466, 123 P3d 285 (2005), *rev den*, 340 Or 308 (2006) (exercising discretion to correct unpreserved instructional error because of the seriousness of the convictions). In light of those circumstances, it is appropriate to exercise our discretion to correct the trial court's erroneous instruction on the "defense of property" defense.

Convictions on Counts 2 and 3 reversed and remanded; otherwise affirmed.