

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BRANDON M. LONG,

    Petitioner-Appellant,

  v.

RICHARD COURSEY, Superintendent, Eastern Oregon Correctional Institution,

    Respondent-Appellee.

No. 16-35033

D.C. No. 2:13-cv-02139-SB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted March 8, 2017[**]
Portland, Oregon

Before: O'SCANNLAIN, FISHER and FRIEDLAND, Circuit Judges.

Brandon Long appeals the district court's denial of his 28 U.S.C. § 2254

habeas corpus petition. We have jurisdiction under 28 U.S.C. § 2253, and we

affirm.

---

 [*]This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 [**]The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Brandon Long was convicted of one count of attempted first-degree rape in violation of OR. REV. STAT. §§ 163.375, 161.405; two counts of attempted first-degree sodomy in violation of OR. REV. STAT. §§ 163.405, 161.405; and two counts of attempted first-degree sexual abuse in violation of OR. REV. STAT. §§ 163.427, 161.405. On two of these counts, the state court found upward departure sentences were warranted based on certain aggravating factors, including that Long violated court orders. Long argues that the court violated his right to jury factfinding under *Blakely v. Washington*, 542 U.S. 296 (2004), when it imposed upward departure sentences and that he was denied constitutionally effective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984), when his attorney allegedly failed to advise him of his *Blakely* rights.

"We review de novo the district court's denial of a petition for writ of habeas corpus." *Murray v. Schriro*, 745 F.3d 984, 996 (9th Cir. 2014). Under the Antiterrorism and Effective Death Penalty Act, a petitioner seeking habeas relief must demonstrate that the state court's decision on the merits was contrary to, or involved an unreasonable application of, clearly established federal law under United States Supreme Court precedent, or that the decision was based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d).

1.  Assuming arguendo Long's *Blakely* rights were violated, the violation was harmless.  *See Washington v. Recuenco*, 548 U.S. 212, 215, 218 (2006) (holding *Blakely* violations are subject to harmless error review); *United States v. Salazar-Lopez*, 506 F.3d 748, 752 (9th Cir. 2007) (same).  The inquiry under the harmless error standard is whether "in light of the record as a whole," the error "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)).  Under that test, habeas relief is appropriate only if the court is "in grave doubt as to whether a jury would have found the relevant aggravating factors beyond a reasonable doubt." *Butler v. Curry*, 528 F.3d 624, 648 (9th Cir. 2008) (quoting *O'Neal v. McAninch*, 513 U.S. 432, 436 (1995)).

Under Oregon law, a court may base an upward departure sentence on a single aggravating factor.  *See State v. Barrett*, 894 P.2d 1183, 1185 (Or. Ct. App. 1995); *State v. Williams*, 883 P.2d 918, 919 (Or. Ct. App. 1994).  Where, as here, a court makes clear that each of the aggravating factors independently justified the departure, a *Blakely* error will be harmless if it is not prejudicial as to at least one of the cited factors.  *See Barrett*, 894 P.2d at 1185.

The record shows Long violated court orders by failing to enroll in sex offender treatment for longer than a week and by having contact with his children.

Long suggests no reason why the jury would not have found these violations beyond a reasonable doubt. On this record, therefore, there is no grave doubt the jury would have found one or both of these aggravating factors.

2. Assuming arguendo Long's trial counsel's alleged failure to advise him of his *Blakely* rights fell below an objective standard of reasonableness, no prejudice resulted. *See Strickland*, 466 U.S. at 694. There is no reasonable probability Long's sentence would have been different but for his counsel's error, because the record shows a jury would have found Long violated court orders, and thus that an aggravating factor was satisfied.

**AFFIRMED**.