Submitted May 26, 2020, affirmed December 8, 2021, petition for review denied March 24, 2022 (369 Or 505)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ADAM KOHL SUMMERLYN,
*Defendant-Appellant.*

Lane County Circuit Court
18CR08585; A168781

501 P3d 1076

Defendant appeals a judgment of conviction for first-degree assault with a firearm and felon in possession of a firearm. He contends that the trial court erred in instructing the jury that it could reach nonunanimous verdicts and in finding persistent involvement in similar offenses and, consequently, imposing a departure sentence. *Held*: The erroneous jury instruction was not structural error and, because the jury's guilty verdicts were unanimous, it was harmless. Defendant's arguments regarding persistent involvement in similar offenses were foreclosed by case law.

Affirmed.

Karsten H. Rasmussen, Senior Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Laura A. Frikert, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and David B. Thompson, Assistant Attorney General, filed the brief for respondent.

Adam Kohl Summerlyn filed the supplemental brief *pro se*.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

DeHOOG, J.

Affirmed.

**DeHOOG, J.**

Defendant appeals a judgment of conviction for first-degree assault with a firearm, ORS 163.185, and felon in possession of a firearm (FIP), ORS 166.270. He raises four assignments of error in his opening brief and one additional assignment in a supplemental brief. We reject without discussion the first assignment of error in defendant's opening brief and the supplemental assignment. As explained below, defendant's arguments raised in his remaining assignments of error are foreclosed by case law. Accordingly, we affirm.

The relevant facts are procedural and undisputed. Defendant was charged with attempted murder, first-degree assault with a firearm, FIP, and unlawful use of a weapon with a firearm (UUW). At trial, the court instructed the jury that it could find defendant guilty if 10 or more jurors agreed on the verdict. Defendant did not object.

The jury acquitted defendant of attempted murder and found him guilty of first-degree assault with a firearm, FIP, and UUW. The guilty verdicts were unanimous. The court merged the UUW count with the FIP count and, as noted above, entered a judgment convicting defendant of assault and FIP.

The state had given notice of its intention to request an enhanced sentence pursuant to OAR 213-008-0002 (1)(b)(D) based on defendant's persistent involvement in similar offenses. Defendant waived his right to a jury trial on the enhancement factor. The court heard evidence that defendant had one prior FIP conviction and testimony that, in an incident separate from the conduct underlying the prior FIP conviction, defendant had previously threatened another person with a gun. The court found that defendant's persistent involvement in firearms offenses justified a departure sentence on the FIP conviction, and the court sentenced defendant accordingly.

We begin with defendant's fourth assignment of error, in which he contends that the trial court erred in instructing the jury that it could reach nonunanimous verdicts. Defendant did not preserve that assignment, but he contends that the error is structural or, if it is not, that it

is nevertheless plain error that merits reversal. In light of the Supreme Court's decision in *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), defendant is correct that the court erred in instructing the jury that it could reach nonunanimous verdicts. However, the erroneous instruction was not structural error. *State v. Flores Ramos*, 367 Or 292, 334, 478 P3d 515 (2020). And, because the jury unanimously found defendant guilty of the counts at issue on appeal, the error was harmless. *Id.* Accordingly, we reject defendant's fourth assignment of error.

Next, we consider defendant's contention that the trial court erred in finding persistent involvement in similar offenses and, consequently, imposing a departure sentence. Defendant contends that a finding of persistent involvement in offenses similar to FIP under OAR 213-008-0002(1)(b)(D) requires two or more firearms-related *convictions*. Here, he points out, the state provided evidence of only one prior firearms-related conviction.

OAR 213-008-0002(1) lists the aggravating factors that "may be considered in determining whether substantial and compelling reasons for a departure exist." OAR 213-008-0002(1)(b)(D) defines the persistent-involvement factor:

> "Persistent involvement in similar offenses or repetitive assaults. This factor may be cited when consecutive sentences are imposed only if the persistent involvement in similar offenses or repetitive assaults is unrelated to the current offense."

Defendant correctly points out that we have held that persistent involvement under OAR 213-008-0002 (1)(b)(D) requires evidence that the defendant has committed more than one offense similar to the one being sentenced. *See, e.g.*, *State v. Rodriguez*, 113 Or App 696, 699, 833 P2d 1343 (1992) (noting that the persistent involvement factor "encompasses a pattern of criminal behavior which incorporates the offender's inclination to engage in behavior with increasingly serious consequences" and, consequently, that the "[d]efendant's one prior conviction suggests an emerging pattern; it does not establish it"). In *dictum*, both we and the Supreme Court have stated that requirement in terms of multiple prior *convictions*: In *State v. Ceballos*, 162 Or App

477, 482, 986 P2d 680 (1999), *rev den*, 330 Or 252 (2000), we explained that, in *Rodriguez*, 113 Or App at 699, we had held that "more than one prior conviction was required to establish the requisite 'pattern' of criminal activity." *See also State v. Bray*, 342 Or 711, 724, 160 P3d 983 (2007) (stating, in the course of considering whether the persistent involvement factor must be found by a jury, that, "[i]n determining whether the record establishes '[p]ersistent involvement in similar offenses,' a sentencing court must do more than find that a defendant has *two or more prior convictions* for similar offenses"; "the trier of fact must infer from the number and frequency of *those prior convictions* whether the defendant's involvement in those offenses is 'persistent'" (emphasis added)).

However, we have also—and more recently—held that unadjudicated conduct may constitute one of the offenses necessary to establish persistent involvement. In *State v. Cam*, 255 Or App 1, 11, 296 P3d 578, *adh'd to as modified on recons*, 256 Or App 146, 300 P3d 208, *rev den*, 354 Or 148 (2013), we rejected the defendant's argument that the trial court had plainly erred in failing to instruct the jury that, for purposes of its deliberations on the persistent-involvement enhancement factor, "it could not consider uncharged misconduct." We held that the trial court's error was not plain, in part, because, "[i]n determining persistent involvement, a jury may consider a defendant's prior criminal conduct, even if that conduct did not result in a criminal conviction." *Id.* at 11. In support of that proposition, we cited *State v. Barrett*, 134 Or App 162, 165, 894 P2d 1183, *rev den*, 321 Or 340 (1995), and observed that, in *Barrett*, we had held that the "defendant's admitted history of sexually abusing young women could be considered 'persistent involvement' even in the absence of criminal convictions." *Cam*, 255 Or App at 11; *see also Barrett*, 134 Or App at 165 ("even in the absence of criminal convictions," the defendant's history of sexually abusing young women, established by testimony about the defendant's admissions, warranted a departure sentence based on persistent involvement).

In this case, defendant has not acknowledged our holding in *Cam*, in which we expressly adopted the reasoning from *Barrett*. It follows that defendant has not advanced

any argument relying on the arguable inconsistency of our decisions in *Cam* and *Barrett* with our other case law or with the understanding expressed by the Supreme Court in *Bray*. More significantly, perhaps, he has not argued that our decision in *Cam* is plainly wrong in light of those other opinions and should therefore be overruled.

It may be that the Supreme Court will one day adopt its *dictum* in *Bray* as a holding, in which case defendant's view that proof of multiple prior convictions is required to establish the persistent-involvement departure factor would ultimately be proved correct. However, in the absence of an argument that more fully addresses the current state of the case law, this case does not present an opportunity for us to resolve the issue in a way that departs from our existing precedent. Accordingly, we affirm.

Affirmed.